IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANDREW KATRINECZ and | § | |
| DAVID BYRD, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 1:12-CV-00235 |
| | § | |
| MOTOROLA MOBILITY, INC. | § | |
|     Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

1. Plaintiffs Andrew Katrinecz and David Byrd (hereinafter "Plaintiffs") file this action to remedy the illegal actions of Motorola Mobility, Inc. (hereinafter "Defendant"), including its willful and malicious infringement and misappropriation of Plaintiffs' intellectual property. Accordingly, Plaintiffs seek permanent injunctive relief and damages to redress the injuries they have suffered.

## I. PARTIES

2. Plaintiffs David Byrd and Andrew Katrinecz are individuals residing in Round Rock, Texas, and Shalimar, Florida, respectively.

3. Defendant Motorola Mobility, Inc. is a foreign for-profit corporation registered in the state of Texas. It may be served through its registered agent, CT Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## II. JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the laws of the United States. *See, e.g.,* 35 U.S.C. §§ 1, *et seq.*

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

6. This Court has personal jurisdiction over Defendant because, *inter alia*, it regularly does business in this judicial district, has established minimum contacts with the forum, and the exercise of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. On information and belief, Defendant designs, manufactures, and places products that infringe on Plaintiffs' patent into the stream of commerce with the reasonable expectation and/or knowledge that the actual or potential ultimate purchasers and users are located throughout the United States, including within this judicial district. On information and belief, Defendant has voluntarily conducted sales or solicited customers in the state of Texas, including in this judicial district. On information and belief, Defendant sells, advertises, markets, and distributes infringing products throughout this judicial district. Defendant has committed and continues to commit acts of patent infringement in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendant is subject to personal jurisdiction in the Western District as discussed in the preceding paragraph.

### III. CONDITIONS PRECEDENT

8. All conditions precedent to Plaintiffs' right to recovery have been performed, occurred, or been waived.

### IV. FACTS

9. United States Patent No. 7,284,872 ("'872"), entitled "Low power, low cost illuminated keyboards and keypads," was duly and legally issued by the United States Patent and Trademark Office to Plaintiffs on October 23, 2007. A copy of the '872 patent is attached hereto as Exhibit A.

10. The '872 patent is valid and enforceable.

11. Together Plaintiffs own all right, title, and interest in patent '872.

12. Defendant has infringed and continues to infringe on patent '872 by using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '872 patent, including but not limited to Defendant's Time Port (model P935) and the Razor (model Razr).

### V.   CAUSES OF ACTION

**A.   Count 1 — Infringement of Patent '872**

13. Defendant has infringed and is still infringing (literally and/or under the doctrine of equivalents) on one or more claims of the '872 patent in at least this state and district by making, using, offering to sell, selling, and/or importing products that infringe one or more of the claims of the '872 patent, including but not limited to Defendant's Time Port (model P935) and the Razor (model Razr).

14. Defendant has also contributed to and/or induced, and continues to contribute to and/or induce, the infringement of one or more claims of the '872 patent, in at least this state and district.

15. On information and belief, Defendant's infringement of one or more claims of the '872 patent has taken place, with Defendant's full knowledge of the '872 patent. Its infringement has been, and continues to be, willful, deliberate, and intentional.

16. Defendant's infringement of one or more claims of the '872 patent has injured Plaintiffs, and Plaintiffs are entitled to recover damages adequate to compensate them for Defendant's infringement, which in no event can be less than a reasonable royalty.

17. Defendant has caused Plaintiffs substantial damage and irreparable injury by their infringement of one or more claims of the '872 patent, and Plaintiffs will continue to suffer

damage and irreparable injury unless and until Defendant's infringement is enjoined by this Court.

## VI.   NOTICE OF REQUIREMENT OF LITIGATION HOLD

18. Defendant is hereby notified that it is legally obligated to locate, preserve, and maintain all records, notes, drawings, documents, data, communications, materials, electronic recordings, audio/video/photographic recordings, and digital files, including edited and unedited or "raw" source material, and other information and tangible things that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses, and/or damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

19. As used above, the phrase "electronically stored information" includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts, revisions, and active or deleted word processing documents), instant messages, audio recordings and files, video footage and files, audio files, photographic footage and files, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received, or maintained on any and all electronic and/or digital forms, sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, iPhones, video cameras and still cameras, and any and all other locations where electronic data is stored. These sources may also include any personal

electronic, digital, and storage devices of any and all of Defendant's agents or employees if Defendant's electronically stored information resides there.

20. Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court and/or jury that the Potential Evidence is not favorable to Defendant's claims and/or defenses. To avoid such a result, Defendant's preservation duties include, but are not limited to, the requirement that Defendant immediately notify its agents and employees to halt and/or supervise the auto-delete functions of Defendant's electronic systems and refrain from deleting Potential Evidence, either manually or through a policy of periodic deletion.

## VII.   JURY DEMAND

21. Plaintiffs hereby demand a trial by jury on all claims, issues and damages so triable.

## VIII.   PRAYER

22. WHEREFORE, Plaintiffs pray for the following relief:

    (a)    that Defendant be summoned to appear and answer;

    (b)    that the Court enter an order declaring that

        i. Defendant has infringed, contributorily infringed, and/or induced the infringement of patent '872;

        ii. Defendant's infringement of patent '872 has been willful, intentional, and deliberate; and

        iii. that this is an exceptional case under 35 U.S.C. § 285;

(c) that the Court permanently enjoin Defendant and its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons or entities acting in concert or participation with any of them from infringing, contributorily infringing, and/or inducing the infringement of patent 872, including the making, using, offering to sell, selling, or importing any products that infringe on (literally or under the doctrine of equivalents) patent 872;

(d) that the Court grant Plaintiffs judgment against Defendant for

   i.  all actual, consequential, special, punitive, exemplary, increased, and/or statutory damages, including treble damages pursuant to 35 U.S.C. 284;

   ii. if necessary, an accounting of all damages;

   iii. pre and post-judgment interest as allowed by law; and

   iv. reasonable attorney's fees, costs, and expenses incurred in this action; and

(e) such further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**TAYLOR DUNHAM LLP**
301 Congress Ave., Suite 1050
Austin, Texas  78701
512.473.2257 Telephone
512.478.4409 Facsimile

By:  /s/ David E. Dunham
     David E. Dunham
     State Bar No. 06227700
     Isabelle M. Antongiorgi
     State Bar No. 24059386

                                        **MEYERTONS, HOOD, KIVLIN, KOWERT & GOETZEL, P.C.**
1120 South Capital of Texas Highway, Building 2, Suite 300
Austin, Texas 78746
512.853-8800 Telephone
512.853.8801 Facsimile

        Eric B. Meyertons
        State Bar No. is 14004400
        Ryan Tyler Beard
        State Bar No. 24012264
**ATTORNEYS FOR PLAINTIFFS**