IN THE UNITED STATES DISTRICT COURT FILED
FOR THE WESTERN DISTRICT OF TEXAS 2014 NOV -7 PM 3: 17
AUSTIN DIVISION

CLERK U. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
DEPUTY

| | | |
|---|---|---|
| ANDREW KATRINECZ AND DAVID BYRD, | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CAUSE NO. A-12-CA-00235-LY |
| MOTOROLA MOBILITY LLC, DEFENDANT. | § § § | |

## ORDER

Before the court in the above styled and numbered patent-infringement action are Defendant

Motorola Mobility LLC's ("Motorola") Defendant's Motion To Dismiss For Lack of Subject Matter

Jurisdiction filed July 24, 2014, (Clerk's Document No. 86), Plaintiffs Andrew Katrinecz and David

Byrd's response filed September 22, 2014 (Clerk's Document No. 139), and Motorola Mobility's

reply filed September 26, 2014 (Clerk's Document No. 142). Motorola contends that this court must

dismiss this action for lack of subject-matter jurisdiction because all co-owners of the patent-in-suit

are not joined in the action. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1468 (Fed. Cir.

1998) (since the "complaint lacks the participation of a co-owner of the patent . . . this court must

order dismissal of this suit"). On November 7, 2014, the court held a hearing on Motorola's motion

at which all parties were represented by counsel. Having considered the motion, response, reply, the

parties' exhibits, the case file, the applicable law, and the arguments of counsel, the court will deny

the motion.

**Background and arguments**

The patent-in suit, titled, "Low power, low cost illuminated keyboards and keypads," U.S.

Patent No. 7,284,872 ("the '872 Patent"), issued on October 23, 2007, reflects that Katrinecz and

Byrd are the only inventors. The '872 Patent is a divisional of U.S. Patent No. 6,199,996 ("the '996 Patent"), issued on March 13, 2001, which also reflects that Katrinecz and Byrd are the only inventors. In April 1997, Katrinecz and Byrd conceived the keyboard invention, during the summer of 1997, they developed prototypes, and in October 1997, they engaged attorneys. Katrinecz and Byrd filed their first patent application for the keyboard invention on August 26, 1998.

During discovery, Motorola learned of the 1998 Florida divorce proceeding that dissolved the nine-year marriage of Katrinecz and Terri Cothern.[1] On August 11, 1998, Katrinecz and Cothern executed a Marital Settlement Agreement. The Florida State court rendered a Final Judgment Dissolving Marriage ("Final Judgment") on September 17, 1998.[2]

Motorola argues that because the keyboard invention covered by the '872 Patent was fully developed at the time the Agreement was executed, by operation of Florida law Cothern had an "inchoate right to obtain a patent to [the keyboard] invention developed during the marriage as personal property subject to equitable distribution upon dissolution of a marriage." Further, Motorola argues, "[w]hen a marital settlement agreement fails to address personal property, that property is co-owned by both spouses by operation of law upon entry of final judgment dissolving the marriage." Because the Agreement did not expressly address the division of any rights to the keyboard invention that Katrinecz developed during the marriage, Motorola argues that the rights

---

[1] The motion, response, reply, and the parties' exhibits refer to Katrinecz's former wife as Ms. Terri Katrinecz, Ms. Terri Lynn Armstrong, and Ms. Terri Cothern. For convenience the court refers to her as, "Terri Cothern" or "Cothern," which is her current, married name.

[2] Additionally, on August 17, Katrinecz and Cothern executed an "Addendum Marital Settlement Agreement," which specifically addressed several financial matters. The Final Judgment holds that both the Agreement and the Addendum were executed voluntarily after full disclosure, and incorporates them into the Final Judgment by reference. For convenience, the court refers to the Agreement and the Addendum collectively as "the Agreement."

to the keyboard invention became co-owned by Katrinecz and Cothern when the Final Judgment was rendered September 17, 1998.

Motorola's argument continues and alleges that because Katrinecz and Cothern co-owned the keyboard invention at the time of their divorce, they also co-owned the rights to any patents to the keyboard invention. Thus, Motorola argues, when the '872 Patent issued on October 23, 2007, Cothern was an unnamed co-legal-title owner of the patent. Finally, Motorola argues, because Cothern is not a party to this action, not all owners of the '872 Patent are joined, and therefore, the court lacks subject-matter jurisdiction and must dismiss the action.

Katrinecz and Byrd respond that there were no patent rights or inchoate rights with regard to the keyboard invention to be distributed as a marital asset at the time of the Agreement. Katrinecz and Byrd argue, *inter alia*, that even if there were patent rights that were subject to distribution at the time of the divorce, based on the terms of the Agreement, these rights were conveyed to Katrinecz such that no marital asset with regard to the keyboard invention or the '872 Patent was left undivided after the divorce.

**Applicable law and analysis**

Standing to sue for patent infringement derives from the Patent Act, which provides that a "patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. In situations where there are multiple owners of a patent, all joint owners must "join all other co-owners to establish standing" to bring an infringement action. *Enovsys LLC v. Nextel Commc'ns, Inc.*, 614 F.3d 1333, 1342 (Fed. Cir. 2010); *see also Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007) ("Where one co-owner possesses an undivided part of the entire patent, that joint owner must join all the other co-owners to establish standing."). In a patent-infringement

action, if any co-owner of the patent is not joined, the suit for infringement of the patent must be dismissed. *See Ethicon*, 135 F.3d at 1468. Thus, if ownership in a patent is divided, one co-owner has the right to limit all other co-owners' ability to sue an infringer by refusing to voluntarily join in an infringement action; generally, an unwilling co-owner cannot be forced to join an infringement action. *See STC.UNM v. Intel Corp.*, 754 F.3d 940, 946 (Fed. Cir. 2014).

Upon Motorola's filing the motion to dismiss for lack of subject-matter jurisdiction, Katrinecz and Byrd moved for and the court granted additional time for them to respond to the motion so that the parties could conduct jurisdictional discovery. "In cases where the jurisdictional and merits issues are intertwined but separable, 'the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.'" *See DDB Techs. LLC v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1294 (Fed. Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 414 (5th Cir. 1981)).

It is undisputed that Florida law applies to the Agreement and Final Judgment. Further, the issue of whether Cothern had any ownership interest in the '872 Patent is also governed by Florida law. *See Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1327 (Fed. Cir. 2009) ("questions of patent ownership are determined by state law").

Florida law requires a court to equitably distribute between a husband and wife all marital assets. *See* Fla. Stat. Ann. § 61.075(1) (West 2014). "Marital assets" include assets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them. *Id.* at § .075(6)(a)(1)(a). The date for determining what is a marital asset subject to division at divorce is provided by Florida law,

4

> The cut-off date for determining assets and liabilities to be identified or classified as marital assets and liabilities is *the earliest of the* date the parties enter into a valid separation agreement, such other date as may be expressly established by such agreement, or the date of the filing of a petition for dissolution of marriage.

*Id.* at § .075(7) (emphasis added).  This is a bright line test; courts have no discretion under the statute.  *See Byers v. Byers*, 910 So.2d 336, 344 (Fla. 4th Dist. Ct. App. 2005).

Here, Katrrinecz and Cothern had a "valid separation agreement" and thus, only those assets in existence as of the effective date of the Agreement–August 11, 1998–are marital assets subject to distribution at their divorce.  The Agreement provides in relevant parts,

> 1. <u>Separation</u>:  The parties at all time hereafter [are] . . . free from any obligations to each other, except in accordance with any provisions of this Agreement relating thereto.
>
> 3. The parties have previously agreed upon and distributed all of the marital assets with the exception of a set of flatware, which [Cothern] shall insure that [Katrincez] receives within 30 days of the date hereof.
>    Each party shall have sole ownership of all personal property presently in his/her possession.
>
> 12. [Cothern] has refused to consult an attorney, but warrants and represents that she has read and studied this Agreement and acknowledges that it is fair and equitable.

Although Motorola contends that Cothern had "inchoate" rights to the invention and the '872 Patent, Motorola's caselaw in support of this argument reflects that in each case, at the time of divorce, the patent-in-suit had at a minimum been applied for or had issued.  Without deciding that Cothern had any inchoate rights to the invention or to the '872 Patent at the time of divorce, this court disagrees with Motorola's argument that those rights, if they existed, were not equitably distributed at divorce to Katrinecz.

As of August 11, 1998, all aspects of Katrinecz's work on the invention were in Katrinecz's sole possession. Further, the court finds that any marital asset associated with the keyboard invention and whatever other personal property that existed and would lead to the '872 Patent was in Katrinecz's sole possession at the time of the Agreement. Therefore, by the terms of the Agreement, all such property was conveyed to Katrinecz. Further, based on the explicit language in the Agreement, the parties had distributed *all* of their marital assets; nothing remained undivided.

The Agreement was incorporated into the Final Judgment. A final judgment of divorce is *res judicata* as to all property rights of the parties that could have and should have been adjudicated in that proceeding. *See Davis v. Dieujuste*, 496 So.2d 806, 809-10 (Fla. 1986) ("a final judgment of dissolution settles all such matters as between the spouses evolving during the marriage, whether or not these matters were introduced in the dissolution proceeding, and acts as a bar to any action thereafter to determine such rights and obligations.").

**Conclusion**

As the patent application leading to the '872 Patent was filed *after* Katrinecz and Cothern executed the Agreement, and, by virtue of the Agreement, Katrinecz had and retained sole possession of all marital assets related to the keyboard invention or leading up to the '872 Patent, and, as there were no marital assets related in any way to the '872 Patent remaining undivided after Katrinecz and Cothern's divorce, the court concludes that, as alleged in the First Amended Complaint, Katrinecz and Byrd together "own all right, title, and interest in the '872 Patent." This court has subject-matter jurisdiction over Katrinecz and Byrd's infringement claims alleged against Motorola in this action.

**IT IS ORDERED** that Defendant Motorola Mobility LLC's Defendant's Motion To Dismiss

For Lack of Subject Matter Jurisdiction filed July 24, 2014, (Clerk's Document No. 86) is **DENIED**.

SIGNED this ___*7th*___ day of November, 2014.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE